O

# United States District Court
# Central District of California

| | |
|---|---|
| ANDRE A. ABRAMS, et al., | Case № 2:14-cv-05646-ODW(SHx) |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO STRIKE, OR IN THE ALTERNATIVE, TO DISMISS ALL INDIVIDUALLY NAMED PLAINTIFFS EXCEPT ANDRE ABRAMS [10]** |
| CITY OF LOS ANGELES and DOES 1-10, inclusive, | |
| Defendants. | |

## I.    INTRODUCTION

Before the Court is Defendant City of Los Angeles's ("the City") Motion to Strike Portions of Complaint, or in the alternative, to Dismiss All Individually Named Plaintiffs Except Andre Abrams.  (ECF No. 10.)  Plaintiffs allege that the City violated the Fair Labor Standards Act ("FLSA"), 28 U.S.C. § 201, *et seq*.  The Court finds that Plaintiffs have not established that joinder is proper and for the reasons discussed below, the Court **GRANTS** the Motion and **DISMISSES** all Plaintiffs except for Andre Abrams from the action.[1]

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II.   FACTUAL BACKGROUND

The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1). "[A]ny one or more employees for and in behalf of himself or themselves and other employees similarly situated" may bring an action for unpaid overtime compensation against an employer who is alleged to have violated the FLSA.  *Id.* § 216(b). Employees wishing to join the suit must "opt-in" by filing a written consent with the court. *Id.*

Plaintiffs were previously part of two opt-in FLSA collective action lawsuits in front of Judge Feess.  *See Alaniz v. City of Los Angeles*, No. 04-cv-8592 GAF (AJWx) and *Mata v. City of Los Angeles*, No. 07-cv-6782 GAF (AJWx).   In those cases approximately 2,500 officers of the Los Angeles Police Department ("LAPD") alleged that the City violated the overtime policy and instead adhered to a purported unwritten rule that officers are not to claim overtime of less than one hour ("off-the-clock claims").   The officers contended that they performed pre-shift and post-shift work off-the clock, and that they were not provided a full meal break during their shifts.

On January 30, 2014, the City filed Motions to Decertify Collective Action in *Alaniz* and *Mata* on the grounds that the plaintiffs' off-the-clock claims were too individualized to proceed collectively under applicable law.

On May 21, 2014, Judge Feess granted both motions holding that "the record reflects that the litigants were not similarly situated with respect to the off-the-clock claims, particularly in view of the LAPD's clear and unambiguous policy to the contrary." *Alaniz*, No. 04-cv-8592, ECF No. 2961 at 2, *Mata*, No. 07-cv-6782, ECF. No. 363 (collectively referred to herein as "Decertification Order").   Judge Feess further held that the City's defenses to each plaintiff in *Alaniz* and *Mata* were "inherently individualized" because they required an inquiry into whether each

plaintiff's supervisors acted in good faith, an examination of off-the-clock activities, and an inquiry as to whether any such work falls into a *de minimus* exception to the FLSA. *Id.* In his Decertification Order, Judge Feess expressly tolled the statute of limitations for 60 days so the former opt-in plaintiffs could have "an opportunity to pursue their individual claims." *Id.* at 13.

On July 21, 2014, the individual opt-in plaintiffs that were dismissed in *Alaniz* and *Mata*, refiled their claims in twenty-eight lawsuits based upon their work divisions and/or bureaus.[2] This case is one of those twenty-eight lawsuits where Plaintiffs are purporting to group themselves by virtue of their assignment to the West Valley Division.

As previously in the related refiled cases, the City brings this motion to dismiss all but the first named plaintiff for misjoinder.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 20(a)(1) provides that plaintiffs may join together in one case if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). Under Rule 20(a), the court must determine whether plaintiff's claims arise from the same transaction or occurrence, meaning that the plaintiffs' claims share a similar factual background. *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). If misjoinder is apparent, the Court is authorized to "drop" a misjoined party from the case, or "sever" any claim. Fed. R. Civ. P. 21 ("On

---

[2] Judges in this district that have been assigned to one or several of these 28 lawsuits have ruled in favor of the City in identical or substantially similar motions. For example, Judge King and Judge Anderson have both found improper joinder after issuing Orders to Show Cause why all but the first named plaintiff should not be dismissed. *See Acevedo, et al. v. City of Los Angeles et al.*, Case No. CV 14-5661 GHK (PJWx), ECF No. 21; *Abner, et al. v. City of Los Angeles et al.*, Case No. CV 14-5655 PA,  (MRWx), ECF No. 20. This Court agrees with their decisions and reasoning.

1   motion or on its own, the court may at any time, on just terms, add or drop a party.

2   The court may also sever any claim against a party.").

3                               **IV.   DISCUSSION**

4           Plaintiffs argue that because they all worked at the West Valley Division their

5   claims arise from the same occurrence and are therefore properly joined.  In particular,

6   Plaintiffs contend: (1) they were all subject to the terms set forth in the collective

7   bargaining agreement between Defendant and the Los Angeles Police Protective

8   League ("LAPPL"); (2) they were all subject to the LAPD's policy regarding meal

9   periods and off-the-clock work; and (3) all Plaintiffs would have reported to and been

10  supervised by the same deputy chiefs and commanders at the Bureau level and would

11  have been further supervised by the same Captain III at the division level.  (Opp'n 7-

12  8.)

13          The Court disagrees.  As an initial matter, in *Alaniz* and *Mata,* the court found

14  the plaintiffs to have failed to meet the "similarly situated" standard for certification

15  of a collective action under the FLSA, which is "more elastic and less stringent" than

16  that for permissive joinder under Rule 20(a).  *See Wynn v. Nat'l Broad. Co*., 234 F.

17  Supp. 2d 1067, 1082 (C.D. Cal. 2002) (quoting *Grayson v. K-Mart Corp*., 79 F.3d

18  1089, 1096 (11th Cir. 1996)).  Therefore, if plaintiffs in *Alaniz* and *Mata* were not

19  certified under the less stringent standard, Plaintiffs here must be dismissed for

20  misjoinder under Rules 20 and 21 if the concerns and reasoning underlying those

21  concerns articulated in the Decertification Order are not addressed in this Complaint.

22  *See Bedwell v. Amdocs*, *Inc*., No. C 13-5565 SI, 2014 WL 3670550, at *2 (N.D. Cal.

23  July 24, 2014) (denying joinder of three plaintiffs after court decertified a FLSA

24  collective action).  The Court is not persuaded that bringing a lawsuit based on

25  Plaintiffs' employment in the West Valley Division sufficiently addresses the fact that

26  their claims remain individualized due to variances in assignments, duties,

27  supervisors, and location.  (*See* Decertification Order at 5-13 (Mot. Exs. 1-2).)  While

28  Plaintiffs may have all worked at the same at some point, Plaintiffs frequently

1   transferred to different work sites.  (*Id*. at 13.)  Therefore, for at least that reason,

2   grouping by the same work division does not ensure that Plaintiffs' claims "aris[e] out

3   of the same transactions or occurrences."

4           Nevertheless, Plaintiffs argue that their claims arise out of the same occurrence

5   and transaction because they were all supervised by the same deputy chief and by the

6   same Captain III.  (Opp'n 7:28-8:3.)  They include testimony from Assistant Chief

7   Paysinger, of LAPD's Office of Operations, proving that "sign-ins were handled

8   station by station" and that when he was commander of the South Bureau he "was

9   responsible for the [sic] ensuring all of the officers under him were in compliance with

10   the LAPD's compensation policies."  (Opp'n 8:13-20 (citations omitted).)  Plaintiffs

11   also contend that Chief Parks, who served as LAPD Chief of Police from 1997 to

12   2002, "confirms that the local supervisors and captains are responsible for the

13   application of the FLSA in their particular divisions or locations."  (Opp'n 8:21-9:3.)

14   However, "[t]he deployment of officers is such that different supervisors may be on

15   duty at the beginning and end of any officer's shift."  (Decertification Order at 6.)

16   Therefore, even within the same office, other supervisors in addition to the deputy

17   chief or Captain III supervised Plaintiffs throughout their employment at the West

18   Valley Division.  (*See* Opp'n Ex. B, Deputy Chief Mark Perez Decl. ¶¶ 9, 11 ("Perez

19   Decl.")  ("Underneath a Captain I are the ranks of Lieutenant, Sergeant and Police

20   Officer, and depending on the shift in question a Lieutenant or Sergeant may be the

21   highest ranking officer on duty at an area/station at a given point in time" and "[t]he

22   ranks of Lieutenant and Sergeant are considered and commonly called

23   'supervisors.'").)

24           Furthermore, the Complaint highlights that Plaintiffs were not similarly situated

25   with respect to the different tasks for which they were allegedly uncompensated.  For

26   example, Plaintiffs allege that Sergeants were not compensated for "roll call

27   preparation," but it is unclear whether all Plaintiffs held the rank of Sergeants at the

28   West Valley Division during the statutory period.  (*See* Compl. ¶ 16.)   Plaintiffs also

assert that "Plaintiffs who, in addition to their normal assignments and obligation, worked specialty details such as SWAT, canine, motorcycle traffic officers and other duties which require donning and doffing at the worksite, are entitled to be compensated under the law for their time in connection with such activities." (Compl. ¶ 21.) Joinder is inappropriate because Plaintiffs had varying uncompensated tasks for which they claim FLSA violations and therefore have not shown a common transaction or occurrence. *See Coughlin*, 1304 F.3d at 1350 (finding that a common allegation of delay did not create a common transaction or occurrence because delays varied in some instances from case to case).

Plaintiffs also argue that dismissing all but the first-named plaintiff will lead to judicial inefficiency. (Opp'n 9:15-16.) Specifically, they claim that joinder is warranted because "the vast majority of discovery for each of the plaintiffs . . . will be substantially the same as they all worked in the same division, performed the same type of job duties and reported to the same set of supervisors." (Opp'n 10:7-10.) But, as explained earlier, Plaintiffs have not shown that all the Plaintiffs had the same type of job duties and reported to the same supervisors. (*See* Mot. 15:12-20.)

In this case, joining Plaintiffs would cause judicial inefficiency and frustrate the purposes of Rule 20(a) because of the individualized circumstances of each Plaintiff. *Coughlin*, 130 F.3d at 1351; *see League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F. 2d 914, 917 (9th Cir. 1977) ("The primary purpose [of Rule 20(a)] is to promote trial convenience and to prevent multiple lawsuits."). In addition to the varying factual circumstances described above, the following defenses available to the City would be litigated on an individual basis: (1) whether supervisors were aware of a particular Plaintiff's off-the-clock work; (2) whether particular activities were compensable; (3) whether time spent on these activities was *de minimus*; and (4) whether particular supervisors acted in good faith. *See Smith v. T-Mobile USA, Inc.*, No. CV 05-5274 ABC (SSx), 2007 WL 2385131, at *8 (C.D. Cal. Aug. 15, 2007).

Pursuant to Federal Rule of Civil Procedure 21, misjoinder of parties "is not a ground for dismissing an action."  Instead, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.  Where there is a misjoinder, "the court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs." *Coughlin*, 130 F.3d at 1350.  Accordingly, the Court dismisses all but the first named Plaintiff from this action.

The City also moves to strike paragraphs five, sixteen, eighteen, and twenty-one from the Complaint.  Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Because Mr. Abrams is the only remaining Plaintiff, the Court **GRANTS** the City's Motion to Strike to the extent necessary to reflect this new posture in this case.  Particularly, paragraphs five, sixteen, eighteen, and twenty-one of the operative Complaint seem immaterial as a result of this Order.  Accordingly, Mr. Abrams shall file an amended complaint by no later than **December 1, 2014** removing allegations supporting a collective action.

## V.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** the City's Motion to Strike and **DISMISSES WITHOUT PREJUDICE** all named Plaintiffs **except** Andre Abrams and **STRIKES** paragraphs 5, 16, 18, and 21 from the Complaint.  (ECF No. 10.)

**IT IS SO ORDERED.**

November 17, 2014

_____
        **OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**